UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

V.                                                                    CASE NO. 4:17CR10-MW

DARRYL A. WILLIAMS
_____/

**DEFENDANT'S RESPONSE TO UNITED STATES'**
**MEMORANDUM IN AID OF SENTENCING**

The Guidelines define "intended loss" as the "pecuniary harm that the defendant <u>purposely</u> sought to inflict." USSG § 2B1.1, Cmt. Nt. 3(A)(ii) (emphasis added.). However, the Government asks the Court to ignore the word "intended" in its determination of the loss attributable to the Defendant in determining the applicable Sentencing Guidelines offense level in this case and instead apply a standard that any potential risk of loss should be included under the umbrella of "intended loss" in USSG § 2B1.1. ECF No. 87.[1] The Government contends that it

---

[1] Prior to the filing of the United States' Memorandum in Aid of Sentencing, ECF. No. 87, defense counsel was unclear as to whether the government was objecting to the loss calculation in the Presentence Investigation Report. In its letter in response to the draft PSR, ECF No. 84, the Government addressed the loss calculation stating "the Government would note that the defendant could arguably be held accountable for intended losses related to the loans charged in Counts 3 through 8 by inducing Envision Credit Union to unknowingly expose itself to greater risk of default." Because of this uncertainty, it had been counsel's intent to solely

1

is "not necessary to show that the defendant did not intend to repay the fraudulently obtained loans in order to count the loans as intended loss." ECF No. 87 at 5. Rather the government contends that Mr. Williams should be held responsible for the full amount of the loans he applied for, even though Mr. Williams paid back all of the loans charged in Counts 2 through 8. ECF No. 87 at 4-5. This argument contradicts the very meaning of "intended" in the term "intended loss", ignores the plain language of the Guidelines, and should be rejected.

As the Tenth Circuit detailed in *United States v. Manatau*, 647 F.3d 1048 (10th Cir. 2011), an inquiry into a defendant's *mens rea* is required when determining "intended loss" pursuant to USSG § 2B1.1. *Manatau,* 647 F.3d at 1049-1054. The plain language of the Guidelines definition of "intended loss", the context clues within the Guidelines, and legal norms support the conclusion that the Government must show intent to cause loss to prove intended loss. *Id.* Perhaps most persuasively, to accept the government's proposed definition of "intended loss" in this case, like in *Manatau*, would render the much of the Guidelines related to loss determination untenable. If, as the Government argues in this case, a risk of loss

---

address the issue of loss amount at the hearing without further briefing. However, given the Government's Sentencing Memorandum, counsel is filing this response to provide the Court additional legal support for the defense position in advance of the sentencing hearing.

created by a fraud regardless of intent is all that is necessary for a calculation of "intended loss", then there would never be any reason for a determination of "actual loss" because "actual loss" would always be subsumed within the 'intended loss equals creation of risk of loss' definition.  "Actual loss" would always be a subset of "intended loss" under the government's definition, and this surely cannot be the case.

Further, the Government's reading also ignores the plain language of USSG § 2B1.1, Cmt. Nt. 3(E) which specifies when "Loss" should be reduced by "credits against loss."  This section of the commentary does not specify credits against "actual" loss, rather the plain reading of that commentary section includes all loss calculations.  *See*, *United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014) (holding that in mortgage fraud cases, loss is calculated in two steps: first, calculating actual or intended loss and then, "crediting against the actual or intended loss the value of any collateral recovered or recoverable.")

The government relies on *United States v. Menichino*, 989 F.2d 438 (11th Cir. 1993) for its position.  However, this case is distinguishable from *Menichino* in several significant ways.  First, in *Menichino*, a third party was liable for repayment of that loan and consequently, repayment was out of the defendant's control.

3

Second, the intent to repay could not be determined in *Menichino* (in contrast to this case where each loan was repaid). Third, there is no evidence in this case that Envision Credit Union (ECU) would not have been willing to give the Defendant the loans that he did receive, in contrast to *Menichino*. *Id.* at 442.

Because the calculation of "intended loss" requires a finding that the Defendant had the intent to purposely inflict the loss, the Government's contention that the loss amount should include the value of the loans in Counts 3 through 8 should be rejected. Further, the defense objection to the inclusion of the attempted loans in Counts 9 and 10 in the intended loss calculation in the PSR should be sustained as there is no evidence that Mr. Williams intended to inflict a loss on ECU.[2]

---

[2] This response does not address the other objections to loss amount raised in Defendant's response letter to the draft PSR, ECF No. 83, as those issues were extensively briefed in Defendant's Renewed Motion for Judgment of Acquittal, ECF No. 73.

DATE: January 17, 2018               Respectfully submitted,

                                                              RANDOLPH P. MURRELL
                                                              FEDERAL PUBLIC DEFENDER


                                                              */s/ Joseph F. DeBelder*
                                                              JOSEPH F. DEBELDER
                                                              Assistant Federal Public Defender
                                                              Florida Bar No. 193800
                                                              227 N. Bronough Street, Suite 4200
                                                              Tallahassee, FL  32301
                                                              Phone (850) 942-8818
                                                              Fax (850) 942-8809
                                                              joseph_f_debelder@fd.org

                                                              Attorney for Defendant


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been furnished electronically by ECF to Heidi Boutros Gesch, Trial Attorney, US DOJ, Public Integrity Section, this 17th day of January, 2018.

                                                              */s/ Joseph F. DeBelder*
                                                              Joseph F. DeBelder
                                                              Assistant Federal Public Defender